(37 Misc. Rep. 601.)

### SICKELS v. SHAW.

(City Court of New York, General Term. March 2, 1902.)

LEASE—CONSTRUCTION—PAYMENT IN ADVANCE.

    Where a lease provides that the rent shall be payable in monthly installments, each on the 1st day of every month, and that the landlord may re-enter on giving five days' previous notice, and tendering repayment of the rent paid on account of the unexpired term, it requires payment in advance.

Appeal from trial term.

Action by Daniel E. Sickels against John C. Shaw. From a judgment on the verdict, and an order denying a new trial, defendant appeals. Affirmed.

Argued before SEABURY, McCARTHY, and DELEHANTY, JJ.

John C. Shaw, in pro. per.

Hays & Herschfield (Daniel P. Hays and Ralph Wolf, of counsel), for respondent.

SEABURY, J. The defendant was a tenant of the plaintiff. The term of the lease extended from November 6, 1899, to September 30, 1900. This action was brought to recover the monthly installments of rent which became due August 1, 1900, and September 1, 1900. The defendant denies that he failed to pay the installment of rent which became due on August 1, 1900, and demands judgment that the complaint, in regard to this item of rent, be dismissed. The evidence adduced upon the trial showed that the defendant "left, owing two months' rent." No evidence was offered by the defendant, and the court directed a verdict for the plaintiff for the amount claimed, to which direction the defendant duly excepted. The defendant does not deny that he owes for two months' rent, but asserts that the plaintiff, in suing for the rent which became due on August 1st and September 1st, sues for the rent of July and August,—the rent not being payable in advance, under the lease,—and claims that he has paid the July rent, or the rent which, according to his contention, became due August 1st. He asserts that the plaintiff, having sued for July and August rent, cannot now recover for the September rent. The controversy turns upon the question as to whether the rent, under the lease, is payable in advance. The lease provides that the rent should be payable, "in equal monthly payments of $116.66 each, on the first day of every month during said term." The defendant asserts that, inasmuch as the lease did not provide that the rent should

be payable in advance on the 1st day of every month, rent was to be paid on the 1st day of the following month. We think that the rent was payable in advance, under the lease. Deyo v. Bleakley, 24 Barb. 9. The lease provided that the monthly payments should be made "on the first day of every month during said term." If this clause does not mean that the rent should be payable in advance, then the rent for September, 1900, would not be due until after the expiration of the term mentioned in the lease. The lease also contains a clause giving the landlord authority, under certain circumstances, to re-enter and resume possession "on giving five days' previous notice of intention so to do, and tendering repayment of the rent paid on account of the unexpired term demised." If it was not intended that the rent should be paid in advance, there could be no rent to repay to the tenant if the landlord should re-enter. The only construction of the lease which gives full force and effect to the whole instrument is that construction which holds that the rent was intended, under the terms of the lease, to be payable in advance. The rent which became due, therefore, on the 1st of August and the 1st of September, was the August and September rent, and not the July and August rent. The defendant left the premises in September, and the evidence shows that, when he left, he owed for two months' rent. The evidence therefore sustains the direction of the verdict in favor of the plaintiff, upon the failure of the defendant to offer any evidence to the contrary.

The order and judgment appealed from are affirmed, with costs.

McCARTHY, J., concurs.

DELEHANTY, J. (concurring). I fully agree with the reasoning of Mr. Justice SEABURY herein. The time when rent is to be paid is to be determined from the words of the reddendum of a written lease, and, if prior rent has been paid under agreement, that circumstance, together with the manner and time of payment, may, by necessary implication, aid in arriving at the correct understanding of the parties as to the manner and time of payment, where the same were not otherwise intelligently expressed. McAdam, Landl. & T. 326. It would be difficult, in the face of the reddendum contained in the lease in question, and the uncontradicted testimony of the plaintiff with reference to payments thereunder, to hold that the lease did not provide for monthly payments of the rent in advance. I am for an affirmance of the judgment and order appealed from.

Judgment and order affirmed, with costs.